IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DOUGLAS MARTIN BRANDON,<br>Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:11-CV-466-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Douglas Martin Brandon, TDCJ # 1609594, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On November 9, 2009, pursuant to a plea bargain agreement, petitioner entered a plea of guilty to evading arrest or detention using a deadly weapon in Tarrant County, Texas, in exchange for a 20-year sentence. (State Habeas R. at 37-45) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3) On December 3, 2010, petitioner filed an application for writ of habeas corpus challenging his conviction in state court, which was denied without written order on January 12, 2011, by the Texas Court of Criminal Appeals on the findings of the trial court.[1] (State Habeas R. at cover, 2) Petitioner filed this federal petition for writ of habeas corpus on July 7, 2011.[2] As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations.

## D. Issues

Petitioner raises five grounds challenging his conviction in this petition. (Petition at 7-8a)

---

[1] Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *See Howland v. Quarterman*, 507 F.3d 840, 843-44 (5th Cir. 2007). However, the Texas Court of Criminal Appeals, like the United States Supreme Court and the Texas Supreme Court, has adopted the prisoner mail box rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998); *Campbell v. State*, 320 S.W.3d 338, 342-44 (Tex. Crim. App. 2010). Although petitioner executed the "Inmate's Declaration" reflected on page 11 of his state habeas application on November 28, 2010, there is no indication when he placed the application in the prison mailing system. Thus, he is not given the benefit of the prison mailbox rule.

[2] A pro se habeas petition is generally filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner does not indicate in the petition the date he placed the petition in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of July 7, 2011. Thus, for purposes of this proceeding, the petition is deemed filed on July 7, 2011.

E. STATUTE OF LIMITATIONS

Respondent argues that petitioner's petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 4-8) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year

3

limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on December 9, 2009, and closed one year later on December 9, 2010, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

For purposes of statutory tolling, petitioner's state habeas application operated to toll the limitations period for forty days, making his federal petition due on or before January 18, 2011. 28 U.S.C. § 2244(d)(2). Thus, the question becomes whether petitioner has alleged and demonstrated rare and exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, ___ (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner has neither alleged nor demonstrated that he was actively misled by state authorities or that he was prevented in an extraordinary way from pursuing his rights. Thus, equitable tolling is not warranted in this case.

Petitioner's federal petition was due on or before filed on January 18, 2011; thus, his petition filed on July 7, 2011, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 9, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 9, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November __18__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE